IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS W. KNIGHT,

    Plaintiff,

v.                                                           No. 21-CV-1039-WJ-KK

SAN JUAN COUNTY ADULT
DETENTION CENTER, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on Plaintiff Thomas Knight's Amended Prisoner Complaint for Violation of Civil Rights (the "Complaint") (Doc. 7). Plaintiff is an inmate of the Lea County Correctional Facility, in the custody of the New Mexico Corrections Department ("NMCD"). He is proceeding *pro se* and *in forma pauperis*. Plaintiff claims, inter alia, that Defendants violated his rights under the First and Eighth Amendments to the United States Constitution while he was in custody at the San Juan County Detention Center. (Doc. 7 at 12). Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915(e), the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiff will be granted an opportunity to file a second amended civil rights complaint.

I.     Facts.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes without deciding that the allegations in the Complaint are true. The allegations arise from Plaintiff's experiences at the San Juan County Adult Detention Center, where he was housed prior

to being transferred to the Lea County Correctional Facility. (Doc. 7 at 1-2). The named defendants are San Juan County Adult Detention Center ("SJCD"), SJCD Director D. Webb, SJCD Deputy Director B. Cook, SJCD Lieutenant FNU Mejia, SJCD Sergeant Chertain Beuchaunt, SJCD Officer K. Banally, SJCD Disciplinary Officer Christopher Courtney, SJCD Officer John Schultz, SJCD Officer Jonathan Ramirez, SCJD Sergeant Thomas Wilson, SJCD Disciplinary Officer C Smalls, SJCD Lieutenant FNU Paul, SJCD Sergeant D. Jacobs, SJDC Officer AnFrannie Begay, Wellpath Health Services, SJCD Nurse Mya Donaldson, SJCD Sergeant FNU Cockeral, SJCD Officer T. Peaterson, SJCD Lieutenant FNU Green, SJCD Officer M. Fisher. (Doc. 7 at 1-11). All Defendants are named in their official capacities, some are named also in their individual capacities. (Id.).

Plaintiff claims that he was subjected to excessive force, cruel and unusual punishment, deprived of his right to legal access, deprived of his right to report a prison rape under the Prison Rape Elimination Act ("PREA") without retribution, deprived of his right to access his personal medical records, denied adequate medical treatment, and that his right to freedom of speech was violated. (Doc. 7 at 11).

In support of these claims, Plaintiff provides two lists in lieu of factual averments. One is a list of "Grievances" identified by number (apparently the identification number assigned by SJCD to the grievance), a date (apparently identifying the date of the incident and/or the date of the grievance), and a subject. The following is an example:

> 85570113 3/28/20 Kosher Religious No Lunch
> 85427103 3/26/20 Refusing Medical Civil Rights
> 94939503 7/7/20 Assault Beuchaunt Civil Rights
> 95293683 7/10/20 Short Kosher Meals (Jacobs)
> . . . .

(Doc. 7 at 14-15). The other list titled "Statement of Claim" is styled as follows:

>Excessive Assault 1.) San Juan Count[y] Adult Detention Center, B-1 0431 hours June 30, 2020
>Excessive Assault 2.) San Juan County Adult Detention Center, B1 Top Tier Holding Cell #1 To HI 0730 June 30 2020
>Fell down no sign 3.) Aug 5 2020 SJCADC A Control Hallway
>Excessive Assault 4.) 7/01/20 S.J.C.A.D.C. BIT/C# 2 2322 hour
>. . . .
>Restraint Chair No Me[d]ical 13.) July 4, 2020 SJCADC Booking 1320

(Doc. 7 at 16-17).

The Complaint does not survive initial review because, among other defects, it does not provide sufficient factual detail to allow the Court or the Defendants to discern who is alleged to have done what to Plaintiff in violation of his constitutional rights.

II.  Discussion.

  A. Standard of Review.

Where, as here, a plaintiff is proceeding in forma pauperis, the Court screens the claims under 28 U.S.C. § 1915(e)(2). The Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is *pro se*, the Court construes Plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal

3

theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* Nevertheless, the Court will not "assume the role of advocate for the pro se litigant." *Id.*

  B. <u>Plaintiff Has Failed to State a Viable § 1983 Claim</u>.

42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. It allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. *Id.*

A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To state a viable claim a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. To state a § 1983 claim, the complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

  1. <u>SJCD Cannot Be Sued Under § 1983</u>.

Defendant has named SJCD as a Defendant. However, a county detention center is not a "suable entity." *Apodaca v. N.M. Adult Probation & Parole*, 998 F. Supp. 2d 1160, 1190 (D. N.M. 2014); *see Gallegos v. Bernalillo Cty. Bd. of Cty. Commr's*, 242 F.Supp.3d 1256, 1267 (D. N.M.

2017) (explaining that in a § 1983 case "suing a detention facility is [like] attempting to sue a building"). Any claims against SJCD, itself, must dismissed with prejudice.

    2. Official Capacity Claims.

To the extent Plaintiff seeks to state claims against any state official in their official capacities, the claims fail. A suit against a "state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "As such, it is no different from a suit against the State itself." *Id.* Though the named defendants literally are persons, "neither a State nor its officials acting in their official capacities are 'persons'" subject to liability under § 1983. Plaintiff's "official capacity" claims against the defendants must be dismissed with prejudice.

    3.    Plaintiff Failed to Allege How Individual Defendants Violated his Constitutional Rights.

The Complaint does not allege specific conduct undertaken by individual defendants in violation of Plaintiff's Constitutional rights. Instead, the Complaint contains conclusory and vague allegations of wrongdoing with no alleged facts supporting them. This style of pleading does not support a § 1983 action. *See Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir.1993) (vague, conclusory allegations are insufficient to form the basis for a § 1983 claim); *Hall*, 935 F.2d at 1110 (same). To state a viable claim against any individual defendant, Plaintiff must allege specifically what conduct undertaken by what defendant violated his constitutional rights. *See Robbins*, 519 F.3d at 1250 (The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly.). Plaintiff's Complaint does not satisfy this standard. The claims against the individual defendants will therefore be dismissed without prejudice.

    4. Plaintiff's Medical Records Claim is not Actionable Under § 1983.

To the extent Plaintiff seeks to state a claim for an alleged violation of his right to access or review his medical records, the claim is not cognizable under § 1983. An inmate does not have a constitutionally protected right to review his own medical records. *Head v. Bailly*, No. CV 17-00385 WJ/CG, 2019 WL 1779340, at *3 (D.N.M. Apr. 23, 2019) (unpublished decision); *see also Cannon v. Mason*, No. CIV.08-192-RAWSPS, 2009 WL 588581, *3 (E.D. Okla. March 6, 2009) (unpublished decision) (dismissing prisoner's claim that he had a constitutional right to review his medical records). This claim must be dismissed with prejudice.

    5. <u>Plaintiff's PREA Claim</u>.

To the extent Plaintiff seeks to state a claim based on an alleged violation of PREA, such clam is not cognizable under § 1983. *See Moreno v. Corizon Med. Provider*, No. 16-CV-01064-JCH-LF, 2017 WL 3052770, at *2 (D.N.M. June 21, 2017) (unpublished decision) (dismissing the plaintiff's PREA claims as frivolous under §§ 1915(e)(2)(B)(i) and 1915A(b)(1)). The Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601, *et seq.*, "does not establish a private cause of action for allegations of prison rape." *Krieg v. Steele*, 599 Fed.Appx. 231, 232 (5th Cir. April 15, 2015) (affirming the dismissal of the plaintiff's PREA claim as frivolous under 28 U.S.C. § 1915) (unpublished per curiam opinion). Rather than granting "prisoners any specific rights[,]" PREA is "intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue[.]" *Moreno*, 2017 WL 3052770, at *2, citing *Chinnici v. Edwards*, No. 1:07-CV-229, 2008 WL 3851294, *3 (D. Vt. Aug. 12, 2008) (unpublished decision). To the extent Plaintiff seeks to state a claim arising from an alleged sexual assault while he was in detention, the claim would be governed by the Eighth Amendment standards discussed in the next section. To the extent he seeks to state a claim arising from protected speech—*i.e.*, his right to report a rape, the claim would be governed by the First Amendment standards set forth below.

III.    Leave to Amend.

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Accordingly, Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint. If Plaintiff declines to timely amend, the Court may dismiss the case with prejudice.

Owing to the pleading defects discussed above, the Court could not analyze the merits of Plaintiff's claims. Any future amended complaint must correct those pleading errors and also comply with the following standards governing the substantive claims Plaintiff appears to assert.

1. First Amendment Claims.

The First Amendment to the United States Constitution protects the free exercise of religion, the freedom of speech, the right to peaceably assemble, and the right to petition the Government for a redress of grievances. "[A] prison inmate retains those First Amendment rights that are not inconsistent with this status as a prisoner or with the legitimate penological objectives of the prison system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Accordingly, prison regulations and actions of prison officials that impinge on an inmate's First Amendment rights are valid "if [they are] reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Frazier v. Dubois*, 922 F.2d 560, 562 (10th Cir. 1990) (same). To state a claim for an alleged violation of the right to freedom of speech, a prisoner must allege facts showing that he was engaged in constitutionally protected speech and that the prison official impinged on that freedom without a legitimate penological interest for doing so. *Fletcher v. Schwartz*, 745 F.App'x 71, 74 (10th Cir. 2018).

To state first amendment retaliation claim, a plaintiff's factual allegations must show:

> (1) he was engaged in a constitutionally protected activity; (2) the [state actor(s)] caused him "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) [their] action was substantially motivated as a response to [the plaintiff's] exercise of constitutionally protected conduct.

*Turner v. Falk*, 632 F. App'x 457, 460 (10th Cir. 2015) (internal quotation marks and citations omitted).

    2. <u>Eighth Amendment Claims</u>.

The Eighth Amendment's Prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). To prove that prison conditions amount to cruel and unusual punishment, including a claim of deliberate indifference to serious medical needs, the plaintiff must satisfy an objective requirement and a subjective requirement. That is, he must prove (1) that the condition complained of is, "objectively, sufficiently serious" that it "results in the denial of the minimal civilized measure of life's necessities"; and (2) that the prison official's state of mind was one of "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In other words, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to innate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837); *see Strain v. Regaldo*, 977 F.3d 984, 989-90 (describing the same pleading requirements to a claim of deliberate indifference to serious medical needs). To state an Eighth Amendment claim

arising from prison official's use of excessive force, a plaintiff must plead facts demonstrating that the official applied force maliciously and sadistically to cause him harm, and not in a good-faith effort to maintain or restore discipline. *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

       3.  <u>Access to the Courts Claims</u>.

To state a claim based on the deprivation of the right of access to the courts, a plaintiff must identify a "nonfrivolous, arguable underlying claim." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 353 & n. 3 (1996). The plaintiff must describe the underlying cause of action, "whether anticipated or lost," and the official action that frustrated the litigation. *Christopher*, 536 U.S. at 415. If the claim is based on a lost opportunity to pursue litigation, the complaint "must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.*; *Jennings v. City of Stillwater*, 383 F.3d 1199, 1208 (10th Cir. 2004). If the claim is based on the plaintiff's inability to pursue litigation presently, he must identify the specific official conduct frustrating his efforts. *Jennings*, 383 F.3d at 1208.

IT IS ORDERED:

(1)    Each of the claims set forth in the Complaint (Doc. 7) is DISMISSED as set forth above.

(2)    Plaintiff is granted leave to file a second amended civil rights complaint within thirty days of the entry of this Memorandum Opinion and Order. Failure to do so may result in dismissal of this case without further notice.

                                                                                  WILLIAM P. JOHNSON
                                                                                  CHIEF UNITED STATES DISTRICT JUDGE